S. Lachman Company v. Commissioner. Albert Lachman v. Commissioner.
S. Lachman Co. v. Commissioner
Docket Nos. 105243, 105244.
United States Tax Court
1943 Tax Ct. Memo LEXIS 436; 1 T.C.M. (CCH) 655; T.C.M. (RIA) 43095; February 24, 1943
*436 George E. Oefinger, C.P.A., 235 Montgomery St., San Francisco, Calif., for the petitioner. Arthur L. Murray, Esq., for the respondent. MELLOTT
Memorandum Findings of Fact and Opinion MELLOTT, Judge: These proceedings, consolidated for hearing, involve deficiencies and addition to tax for the calendar year 1936, and a claim of overpayment as follows: Docket No. 105243 -
Income Tax
$692.56
Surtax
795.70
Addition to tax for failure
to file a Personal Hold-
ing Company return
198.92
Docket No. 105244 -
Income Tax
190.56
Overpayment claimed
98.56
In Docket No. 105243 it is alleged that respondent erred: (a) in disallowing a deduction of $11,207.50 as a loss resulting from the worthlessness of 32 shares of the common stock of Peerless Weighing and Vending Machine Company; (b) in not allowing as a deduction $5,600 as additional compensation paid to Albert Lachman, petitioner's vice-president, in 1936; (c) in not allowing as a deduction a loss of $5,110 sustained on Richfield Oil Company of California bonds under a plan of reorganization dated August 20, 1936, and confirmed by the court December 23, 1936; and (d) in asserting an undistributed profits tax, a personal holding *437 company surtax, and a penalty (addition to tax) based on current or accumulated earnings and profits. The petitioner has introduced no evidence in support of its allegation of error "(c)". In Docket No. 105244 it is alleged that respondent erred; (a) in including in income, as a dividend, the sum of $5,600 received from S. Lachman Company in 1936; and (b) in disallowing as a deduction from income the sum of $3,750 as a loss sustained on account of the worthlessness of certain stock of the E. S. Price Oil Company. It is also claimed that an overpayment of tax in the amount of $98.56 was made in the taxable year. Findings of Fact Docket No. 105243 Petitioner is a California corporation with its principal office at 942 Russ Building, San Francisco, California. It was incorporated July 23, 1891, and is a personal holding company engaged in the business of investment holdings. Its income tax return on the cash basis was filed with the collector of internal revenue at San Francisco. No separate return for surtax was filed on Form 1120H as required by Article 351-8 of Regulations 94. During the taxable year 75 percent of its capital stock was owned by one person, Albert Lachman. *438 The remaining 25 percent of its capital stock was owned by two nieces and a nephew of Albert Lachman. Lachman was vice-president and manager of petitioner. In 1936 petitioner, in a tax-free transaction, exchanged 300 shares of the preferred and 200 shares of the common stock of Consolidated Automatic Merchandising Corporation (hereinafter called Consolidated), which had cost it $11,207.50, for 32 shares of the common stock of Peerless Weighing and Vending Machine (hereinafter called Peerless) a Delaware corporation, organized October 16, 1935, to acquire the assets, subject to certain prior claims and reorganization expenses, of Consolidated and its subsidiary in accordance with a final plan of reorganization approved by the United States District Court, October 14, 1935. Consolidated and its subsidiary had been operating under section 77 (B) of the Federal Bankruptcy Act since July 3, 1934, and their corporate existence ceased upon the transfer of their assets to Peerless. The 32 shares of Peerless common stock acquired by petitioner upon the exchange of its stock of Consolidated had a par value of $1 per share. The annual reports of Peerless for 1935 and 1937 show that the common *439 shares of Peerless did not have any liquidating value in those years. The bid and asked price of Peerless common shares for 1936 ranged as follows: Year 1936
Bid
Asked
May
$1.00
None
July
1 3/4
1 3/4
August
1 3/4
2.00
September
1 1/2
1 3/4
In years subsequent to 1936 its price range was as follows: Year
High
Low
1937
$2 3/8
.50
1938
.55
.15
1939
.25
.10
1940
.10
.05
Petitioner sold the 32 shares on May 3, 1941, for $3.20 less tax of five cents. In its income tax return for 1936 petitioner claimed a loss of $11,068 as a result of the exchange of the 500 shares of Consolidated for the 32 shares of Peerless. The deduction was disallowed by the respondent. During the year 1936 petitioner paid to Albert Lachman, its vice-president and manager, various sums aggregating $5,600 in addition to his regular salary of $6,000 per year. These additional sums were entered on petitioner's books as dividends. No payments were made to any other stockholders. The additional payments made to Lachman were not authorized by petitioner's board of directors at any meeting in 1936, nor were any dividends declared by the board of directors in that year. In its *440 income tax return for 1936 petitioner showed net income of $16,720.07 and deductions $30,043.47 including loss claimed on Consolidated stock in the amount of $11,068. The return showed a net loss of $3,313.40. Due to certain adjustments to net income and the disallowance of the loss claimed from the worthlessness of Peerless stock the respondent determined an adjusted net income for 1936 of $6,914.59. Against this net income respondent did not allow any dividends paid credit. As of December 31, 1935, petitioner's balance sheet showed surplus of $32,768.82. As of December 31, 1936, its balance sheet showed a deficit in its surplus account of $5,922.61. In its income tax return for 1936 petitioner did not claim any loss on the exchange of Richfield Oil Company of California bonds under an alleged plan of reorganization dated August 20, 1936, and confirmed by the court on December 27, 1936. This loss was claimed for the first time in the petition. Petitioner does not claim the exchange was actually made in the taxable year. The respondent determined that petitioner was subject to a 25 percent addition to tax for failure to file a personal holding company return within the time prescribed *441 by section 291 of the Revenue Act of 1936. Docket No. 105244 The petitioner, Albert Lachman, is an individual, a citizen of the United States with office at 924 Russ Building, San Francisco, California. He filed his income tax return with the collector of internal revenue at San Francisco. His books were kept and his return was made on the cash basis. Petitioner was vice-president and manager and the majority stockholder of S. Lachman Company, a California corporation. During the taxable year he received from S. Lachman Company in addition to his regular salary, sums aggregating $5,600 which were entered on the books of S. Lachman Company as dividends paid and reported by the petitioner in his income tax return as dividends received. S. Lachman Company did not declare any dividends in 1936, and no action was taken by its board of directors at any regular meeting authorizing the payment of the additional sum here in question. In his income tax return for 1936 petitioner claimed a deduction as a bad debt under item 16 the amount of $3,750, which represented the cost of stock of E. S. Price Oil Corporation. In explanation of his claim the following statement was attached to *442 his return. This company was formed by E. S. Price and the fields were located in Texas. On the recommendation of Dr. Spalding. Samuel Metzger, Russel Slade and Alfred Whittell, I subscribed for the sum of $3,750.00 worth of stock. For a period, Mr. Price kept us informed of the Company's progress, then suddenly all word ceased and Mr. Price became a fugitive from justice. A hunt was begun to find the man and try to effect some sort of recovery for those who had invested their money. All checks, data and papers pertaining to this deal were turned over to the U.S. Marshal and are still in his possession. Last year, Price was traced to Alaska, found and returned to Texas for trial. He was tried in the Federal Court and the case dismissed by the Judge for Price had contracted a severe lung ailment and his life was a matter of months. Neither he or his family could lend any financial aid and he was adjudged a bankrupt and the case dismissed to allow him to spend his last days outside prison walls. The loss is taken this year, as our auditors were of the opinion that some recovery might be made if the man was found and could untangle the mess he had created. However since the court ruling, *443 it is my opinion along with the judge and all other interested parties that it is a total loss and no recovery can ever be collected. The respondent denied the deduction. Opinion The first issue, Docket No. 105243, involves the deduction of $11,207.50 claimed by petitioner as a loss sustained on 32 shares of Peerless common stock received by it in a tax-free exchange for 300 shares of Consolidated preferred and 200 shares of Consolidated common. The respondent denied the deduction on the ground that the Peerless common shares did not become worthless in the taxable year. The petitioner contends that because the Peerless preference stock was entitled to $50 per share on liquidation the common was worthless and that the bid and asked prices in over-the-counter transactions showed only a nominal value during the taxable year with a diminishing value in subsequent years. The common shares of Peerless had a par value of $1 per share. During the taxable year the bid and asked prices, as shown in our findings, ranged from a low of $1 and a high of 1 3/4 bid, to a low of 1 3/8 and a high of $2 asked. So far as the market was concerned this indicated at least a potential value in 1936 *444 and petitioner failed to show that this potential value did not exist or that the declining market in subsequent years could reasonably have been anticipated. It may be true that if the corporation had been liquidated in 1936 and $50 per share had been allocated to the preferred stock there would have been no assets to apply against the common stock; but this was equally true in 1935 and there is no evidence before us to show that the situation was materially changed in 1936. In our opinion the petitioner has failed to prove that the Peerless common shares became worthless in 1936 and the action of the respondent as to this issue must be affirmed. The second issue involves the deduction of $5,600 paid by petitioner to Albert Lachman during the year 1936. Petitioner contends that this amount is deductible as additional compensation paid to Lachman in the taxable year; that it cannot be considered a dividend because no dividend payments were authorized by petitioner in 1936; that no payments were made to other stockholders; and that petitioner had no current income or accumulated earnings or profits from which dividends could be paid. It argues that any payments made, other than as *445 compensation for services, would represent a distribution of capital which must be made ratably among the stockholders. The respondent has treated the $5,600 in question as a dividend, but determined that petitioner was not entitled to a dividends paid credit since there were no dividends paid pro rata to all stockholders. Section 27(g), Revenue Act of 1936; , affd. , . He contends that there were net earnings or profits in the taxable year from which the dividend could be paid. This contention is based upon his computation of petitioner's net income in which the deduction of $11,207.50 claimed as a loss from the worthlessness of Peerless common stock was disallowed which action we have affirmed. It is somewhat difficult to determine from the record why the $5,600 was paid to Lachman. Petitioner has failed to prove that it was additional compensation for services performed by Lachman and the evidence, together with the argument, does not convince us that it was. It was set up on petitioner's books by Lachman *446 himself as a dividend paid and was treated as a dividend by him in his income tax return. Lachman was in absolute control of petitioner and was in a better position than any one else to know the character of payments to him. His treatment of the payments on the books of petitioner and in his own income tax return should be given great weight. While bookkeeping records may not be conclusive, [Dec. 5338], the government is entitled to rely on petitioner's books and records; and the acts of petitioner's executive officer at or near the time of the transactions should not be lightly disregarded. Cf. . Respondent determined the $5,600 in question to be a dividend, following petitioner's own treatment of it. We approve that determination and hold that petitioner is liable for the deficiency in income and personal holding company surtax as determined by the respondent. We hold further that since no personal holding company return was filed by petitioner, it is liable for the addition to tax prescribed by section 291 of the Revenue Act of 1936. ; *447 (on appeal C.C.A. 9 * ). As stated at the outset, petitioner introduced no evidence in support of its claim that it is entitled to a loss deduction of at least $3,110 on the exchange of Richfield Oil Company of California bonds for common stock and rights in the same corporation. The deduction was not claimed in its return. If the issue has not been abandoned by petitioner the deduction must be disallowed for failure of proof. In his income tax return for 1936 the petitioner in Docket No. 105244, (Lachman) included in income $5,600 as dividends received from S. Lachman Company during the taxable year. He now contends that no dividend was authorized or declared by S. Lachman Company in 1936; that no earnings or profits were available to that corporation from which the challenged amount could have been paid; that the amount was actually a distribution of capital; and that the respondent erred in treating it as dividends taxable to him. These contentions are answered by our discussion above. Petitioner has not proved that the respondent erred in including the $5,600 in petitioner's *448 gross income. The second error alleged by the individual (Docket No. 105244), involves the disallowance by the respondent of $3,750 claimed in his return as a loss resulting from the worthlessness of stock of the F. S. Price Oil Corporation. Respondent held "that the stock did not become worthless in the taxable year." Petitioner has offered no evidence on this issue and does not argue the question in his brief. As the record stands petitioner has failed to prove that he is entitled to the claimed deduction and the determination of the respondent must be approved. Petitioner's claim that an overpayment in tax was made has not been substantiated. Decision will be entered for the respondent in each proceeding. Footnotes
*. BTA decision remanded by CCA-9.↩